IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NOV 30

**DERRICK A. MILBOURNE,**
*on his own behalf and on behalf
of those similarly situated,*

    **Plaintiff,**

v.              CIVIL ACTION No. 3:12cv861

**JRK RESIDENTIAL AMERICA, LLC.**

SERVE: National Registered Agents, Inc.
     4701 Cox Road
     Suite 301
     Glen Allen, VA 23060-6802

    **Defendant.**

## CLASS COMPLAINT

COME NOW, Plaintiff, **DERRICK A. MILBOURNE** (hereafter, "Milbourne" or "Plaintiff"), by counsel, on behalf of himself and all others similarly situated, and as for his Complaint against Defendant, he alleges as follows:

### PRELIMINARY STATEMENT

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. The FCRA imposes on employers that use a background check or other consumer report regarding an employee or job applicant several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff applied for a job at Defendant and Defendant used his consumer report that it obtained from a consumer reporting agency, to rescind its offer to hire Plaintiff. In doing so, Defendant failed to comply with the procedural protections and requirements imposed on it by the FCRA.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1681(p). Venue is proper in this Court under 28 U.S.C. §1391(b) as the Defendant regularly does business and maintains its registered agent and office in this district and division, and the Plaintiff resides in the District where all events are alleged to have occurred.

## PARTIES

3. The Plaintiff is a natural person and a "consumer" as defined by the FCRA.

4. Defendant JRK Residential America, LLC. (hereafter, "*JRK*") is a Delaware Limited Liability Company doing business in Virginia. At all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the FCRA.

## STATEMENT OF FACTS

5. Plaintiff applied for employment with *JRK* in November 2010.

6. *JRK* hired Plaintiff and he started work before *JRK* had obtained Plaintiff's consumer report.

7. On or about November 30, 2010, *JRK* obtained and used a consumer report regarding the Plaintiff. It did so without ever providing a disclosure to the Plaintiff, in a document that consisted solely of the disclosure, that a consumer report may be obtained for employment purposes and without thereby obtaining the Plaintiff's lawful written consent.

8. After obtaining and using the Plaintiff's consumer report, and before providing Plaintiff with a copy of his report, or any description of his rights under the FCRA, *JRK* discharged and/or refused to hire Plaintiff on the basis of the report and informed Plaintiff specifically that he was discharged because of the contents of the consumer report.

9. *JRK* failed to provide Plaintiff with a copy of the consumer report or a written

summary of his rights under the FCRA before or even at the time it informed him that he was being discharged based in whole or part on the report results.

10.  *JRK* also failed to provide Plaintiff with any of the other notices required by §1681b(b) of the FCRA.

11.  Section 1681b(b)(2) of the FCRA regulates the conduct of any person who uses a "consumer report" for an employment purpose. It states, in relevant part:

[A] person may not procure a consumer repot, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless -

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

12.  Section 1681b(b)(2) thus limits the circumstances and process by which an employer may obtain and use a consumer report for an employment purpose. Use for such a purpose is more restrictive than other uses, such as for credit. The "permission to obtain a report" authorization form must be a stand-alone document with no other matters contained therein.

13.  Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for

employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates -
(i) a copy of the report; and
(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g( c)(3) of this title.

14. The purpose of §1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies and to notify the prospective employer of these inaccuracies before an adverse action is taken.

15. *JRK* failed to provide a copy of the consumer report to Plaintiff before it took the adverse action.

16. *JRK* failed to provide a copy of the consumer report to Plaintiff in a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with *JRK* or otherwise respond before the adverse action was taken.

17. Upon information and belief, it is *JRK*'s standard hiring and employment practice to rely on consumer reports, and when the results are unsatisfactory, to fire or refuse to hire consumers on the spot without the statutory disclosures or written authorization, without giving them any advance notice of the adverse action, without first providing them a copy of their consumer report, without providing them a summary of their rights under the FCRA before taking the adverse action, and without providing most of the written notices required by the FCRA.

18. *JRK* acted willfully. *JRK* knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

19. Despite knowing of these legal obligations, *JRK* acted consciously in breaching its known duties and depriving Plaintiff and other members of the class of their rights under the FCRA.

### Allegations Regarding Defendant's Business Practices

20. Upon information and belief, Plaintiff alleges that *JRK* routinely conducts background checks on all of its job applicants as part of a standard screening process. In addition, *JRK* also conducts background checks on existing employees from time-to-time during the course of their employment.

21. *JRK* does not perform these background checks in-house. Rather, *JRK* obtains and uses "consumer reports" purchased from a consumer reporting agency ("CRA").

22. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
> (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

23. *JRK* has not satisfied these disclosure and authorization requirements. *JRK* does not have a stand-alone FCRA disclosure or authorization form.

24. This practice violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the FTC. See, e.g., *E.E.O.C. v. Video Only, Inc.*, No. 06-1362, 2008 WL 2433841, at *11 (D.Or. June 11, 2008) ("I grant summary judgment of liability that Video Only violated ... 15 §1681 b(b)(2)(A)(I). This section provides that at any

5

time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure."); (Federal Trade Commission letter dated September 9, 1998 to H. Rowan Leathers, III, Esq., regarding Sections 603(d), 603(f) and 604(b) of the Fair Credit Reporting Act) ("The disclosure may not be part of an employment application .... A disclosure that is combined with many items in an employment application --no matter how 'prominently' it appears -- is not 'in a document that consists solely of the disclosure' as required by[168lb(b)(2)(A)]."); (July 2011 – Federal Trade Commission – 40 Years of Experience with the Fair Credit Reporting Act – an FTC Staff Report with Summary of Interpretations - page 51) ("The disclosure cannot be part of a printed employment application."). Every court to consider this issue has similarly held. *See e.g. Reardon v. Closet Maid*, 2:08-cv-01730 (W.D. Pa.); *Singleton v. Dominos*, 8:11-cv-01823 (D. Md.).

25.     By burying its disclosures within its job application process, **JRK** willfully disregarded this case law and regulatory guidance, and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the statute.

26.     The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates ... a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

27.     **JRK** typically does not provide job applicants or employees with a copy of their consumer reports when it takes adverse action against them based on the information in such

6

reports.

28. This practice violates one of the most fundamental protections afforded to employees under the FCRA, and also runs counter to longstanding regulatory guidance. (Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq., regarding Section 604(b), Section 605, and Section 607 of the Fair Credit Reporting Act) ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information ....").

29. *JRK* had substantial notice that its failures violated the FCRA. A number of courts, including Virginia federal courts have held that § 1681b(b)(2) requires an employer who uses a consumer report in an adverse action decision process to provide the consumer his or her report and FCRA statement of rights at least five business days before beginning that process. *Beverly v. Wal-Mart*, 3:07-cv-469 (E.D. Va. January 11, 2008); *Williams v. Telespectrum*, 3:05-cv-853, (E.D. Va. November 7, 2006); *Johnson v. ADP*, 768 F. Supp.2d 979 (D. MN 2011); *Daniel, et al v. Swift Transportation Corp*, CV-11-1548-PHX-ROS, (AZ January 9, 2012), *Reardon v. Closetmaid*, 2:08-cv-01730, (W.D. Pa. April 27, 2011).

30. By failing to provide Plaintiff and other Putative Class members with copies of their consumer reports prior to taking adverse employment action against them based on such reports, *JRK* willfully disregarded this regulatory guidance and the plain language of the statute in violation of 15 U.S.C. §§ 1681b(b)(2)(A).

## CLASS ACTION ALLEGATIONS

31. Plaintiff asserts his claim in Count 1 on behalf of a putative "Adverse Action Class" initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant during the five years proceeding the filing of the Complaint, (c.) where that consumer report contained a criminal public record or credit item that would disqualify the person from such position under Defendant's written hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

32. Plaintiff asserts his claims in Counts 2 on behalf of a putative "Impermissible Use Class" initially defined as follows:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant during the five years proceeding the filing of the Complaint, (c.) where Defendant did not advise the consumer in writing, by a standalone document that a consumer report would be obtained for employment purposes and receive the consumer's written consent to same.

33. <u>Numerosity</u>: Upon information and belief, Plaintiff alleges that the Putative Classes are so numerous that joinder of all Class members is impracticable. *JRK* regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff has been informed and believes that during the relevant time period, thousands of *JRK* employees and prospective employees satisfy the definition of the Putative Classes.

8

34. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Putative Classes. *JRK* typically uses consumer reports to conduct background checks on employees and prospective employees. *JRK* typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and *JRK* treated the Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

36. <u>Adequacy:</u> Plaintiffs will fairly and adequately protect the interests of the Putative Classes, and have retained counsel experienced in complex class action litigation.

37. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Putative Classes and predominate over any questions solely affecting individual members of the Putative Classes, including but not limited to:

   a. Whether *JRK* uses consumer report information to conduct background checks on employees and prospective employees;

   b. Whether *JRK* requires its prospective and current employees to sign a Consent and Disclosure Form;

   c. Whether *JRK* Consent and Disclosure Form complies with the FCRA;

   d. Whether it was proper under the FCRA for *JRK* to include the Consent and Disclosure Form in a multi-page on-line job application process;

   e. Whether *JRK* violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

   f. Whether *JRK* violated the FCRA by procuring consumer report information based on invalid authorizations;

   g. Whether *JRK* violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class on the basis of

        information in a consumer report, without first furnishing a copy of the report to the affected persons;

h.     Whether *JRK* violations of the FCRA were willful; and

i.     The proper measure of statutory damages.

38.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because *JRK* has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Classes as a whole.

39.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claims is small compared to the expense and burden of individual prosecution, and Plaintiff is unaware of any similar claims brought against Defendant by any members of the Putative Classes on an individual basis. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

40.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are available from

Defendant's records.

## COUNT ONE: FIRST CLAIM FOR RELIEF
**Failure to Provide Copy of Consumer Report and Disclosures in Violation of FCRA**
**15 U.S.C. § 1681b(b)(3)(A)**

41. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

42. *JRK* used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

43. *JRK* violated the FCRA by failing to provide Plaintiffs and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them. See 15 U.S.C. § 1681b(b)(3)(A).

44. *JRK* violated the FCRA by failing to provide Plaintiffs and other Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them at least five (5) business days before doing so. See 15 U.S.C. § 1681b(b)(3)(A).

45. *JRK* willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because it failed to provide Plaintiff and all other similarly situated applicants and employees an accurate and current summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on the consumer report.

46. The foregoing violations were willful. *JRK* acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A).

47. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, and punitive

damages, pursuant to 15 U.S.C. § 1681n.

48. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### COUNT TWO: SECOND CLAIM FOR RELIEF
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)

49. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

50. **JRK** violated the FCRA by procuring consumer reports relating to Plaintiff and other Impermissible Use Class members without first making proper disclosures and receiving written consent in the format required by 15 U.S.C. § 1681b(b)(2)(A).

51. The foregoing violations were willful. **JRK** acted in deliberate or reckless disregard of its obligations and the rights of Plaintiffs and other Impermissible Use Class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

52. Plaintiff and the Impermissible Use Class are entitled to statutory damages of not less than $100 and not more than $1,000, and punitive damages, for each and every one of these violations, pursuant to 15 U.S.C. § 1681n.

53. Plaintiff and the Impermissible Use Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

    A.    Determining that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure;

    B.    Designating Plaintiff as class representative and designating

    Plaintiffs' counsel as counsel for the Putative Classes;

C. Issuing proper notice to the Putative Classes at **JRK**'s expense;

D. Declaring that **JRK** committed multiple, separate violations of the FCRA;

E. Declaring that **JRK** acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F. Awarding statutory damages as provided by the FCRA;

G. Awarding punitive damages as provided by the FCRA;

H. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

I. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury.

       **DERRICK A. MILBOURNE,**
       *on his own behalf and on behalf*
       *of those similarly situated,*

       By_____
        Of Counsel

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Thomas R. Breeden, Esquire, VSB #33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277
facsimile (703) 257-2259
E-mail: trb@TBreedenlaw.com

*Attorneys for the Plaintiffs*