IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DERRICK A. MILBOURNE,
on his own behalf and on behalf
of those similarly situated,

    Plaintiff

v.                                                                         CIVIL ACTION NO. 3:12cv861

JRK RESIDENTIAL AMERICA, LLC.

    Defendant

**STATUS REPORT**

This matter is currently pending before the Court on Plaintiff's Class Action Complaint against JRK RESIDENTIAL AMERICA, LLC. The case was filed on November 30, 2012 (Doc. 1) and the Summons and Complaint were properly served upon the Defendant on December 12, 2012. (Doc. 3.) The Defendant has failed to Answer the Complaint. To date, no Answer or other responsive pleading has been timely filed, therefore the Plaintiff should take steps to proceed with the case.

Generally, in the case of a default by a defendant, a plaintiff may move for entry of default and default judgment. Under Federal rule 8(b), all allegations (other than damages) alleged in the Complaint are deemed admitted where no responsive pleading was timely filed. *EMI April Music, Inc., v. White*, 618 F.Supp.2d 497, 505 (E.D.Va. 2009). However, even though the facts alleged in the Class Complaint are established by the Defendant's default, because it is a putative class action, the prerequisite for class recovery is class certification. *Partington v. Am. Inters. Specialty Lines Ins. Co. Inc.,* 443 F.3d 334 (4th Cir. 2006).

In order to certify the class, the Plaintiff must fulfill the rigor of Fed. R. Civ. P. 23, which factors can be established in part by circumstantial and publicly available evidence. *Gen'l Tel. of the S.W. v. Falcon*, 457 U.S. 147, 155 (1982). The unusual posture of the case, occasioned by the

failure of a properly-served Defendant to file an Answer or responsive pleading of any kind, should not operate to reward such a Defendant for failure to enter an appearance in the case. Even though the allegations in the Class Complaint are established, the Plaintiff must nonetheless demonstrate to the court the elements of Rule 23 are satisfied. On its face, the Class Complaint cannot establish the numerosity element but which element can be established through circumstantial evidence. Therefore, having studied the relevant case law and the applicable Federal Rules, the Plaintiff intends to proceed as follows:

(1) Move for entry of default not later than August 9, 2013;

(2) Move for class certification not later than August 30, 2013;

(3) Move for default judgment upon the Court's certification of the class.

For the reasons explained in this status report, the Plaintiffs respectfully requests the court's approval of the proposed course of action.

> Respectfully submitted,
> DERRICK A. MILBOURNE,
> on his own behalf and on behalf
> of those similarly situated
>
> _____/s/_____
> Susan M. Rotkis, VSB # 40693
> Leonard A. Bennett, VSB # 37523
> Counsel for the Plaintiff
> Consumer Litigation Associates, P.C.
> 763 J. Clyde Morris Blvd., Suite 1-A
> Newport News, VA 23601
> Tel:   757- 930-3660
> Fax:   757-930-3662
> srotkis@clalegal.com
> lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August, 2013, I have filed the foregoing with the ECF system and mailed, first class U.S. mail postage prepaid, a copy to the Defendant through its registered agent as follows:

National Registered Agents, Inc.
4701 Cox Road, Suite 301
Glen Allen, VA 23060-6802

                                                  /s/
                                      Susan M. Rotkis, VSB #40693
                                      Counsel for the Plaintiff
                                      Consumer Litigation Associates, P.C.
                                      763 J. Clyde Morris Blvd., Suite 1-A
                                      Newport News, VA 23601
                                      Tel:   757- 930-3660
                                      Fax:   757-930-3662
                                      srotkis@clalegal.com