# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| DERRICK A. MILBOURNE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | 3:12CV861 |
| JRK RESIDENTIAL AMERICA, LLC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT MOTION FOR LEAVE TO FILE RESPONSIVE PLEADING

Pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, Defendant JRK Residential America, LLC ("JRK") respectfully moves this Court for leave to file its responsive pleading to the Complaint filed by Plaintiff Derrick A. Milbourne no later than August 28, 2013. In support thereof, JRK states as follows:

A review of the Pacer Information and Documents filed in the case indicates that the Complaint was filed November 30, 2012. According to Docket Entry No. 3, a return of summons was filed December 21, 2012, purporting that service occurred on December 12, 2012 by serving the Defendant's registered agent in Virginia, National Registered Agents, Inc. ("NRAI").

As noted in the Declaration of JRK Vice-President Howard Heitner (attached hereto at Exhibit A), the Complaint was received at JRK's offices in Los Angeles, California on or about December 14, 2012. Unfortunately, the individual responsible for receiving and responding to the Complaint left the company on or about December 11, 2012, and a replacement was not employed until January 29, 2013. As a result, the matter was not addressed by anyone within the

company in her absence, until the company was made aware of the Court's August 7, 2013 Order requiring Plaintiff to file his Request for Entry of Default by August 9, 2013 (Docket No. 6).

Upon learning of the potential default and failure to timely respond, JRK immediately engaged undersigned counsel to prepare this Motion for Leave and to contact Plaintiff's counsel to alert them to the issue. On August 8, 2013, counsel for Defendant JRK conferred with Plaintiff's counsel, who has consented to the filing of the Motion, and has further agreed to the August 28, 2013 date for filing a responsive pleading.

Under Rule 6(b)(2), Fed. R. Civ. P., the Court may grant leave to file a responsive pleading out of time "if the party failed to act because of excusable neglect." Excusable neglect under Rule 6(b) is an equitable concept, taking into account all relevant circumstances, including the impact on the proceedings, the danger of prejudice, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 392 (1993). *See also Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.,* 2006 WL 1720681, *4 (E.D. Va. June 26, 2006) (noting that to fall within the requirements of the *Pioneer* case, the movant must establish both good faith and a reasonable basis for non-compliance).
Defendant JRK respectfully submits that the reasons set forth herein constitute excusable neglect, since the delay was inadvertent and not the result of bad faith or willfulness. Moreover, given the early stages of litigation, the brief delay would not appear to give rise to issues of prejudice or impact on the proceedings. For the foregoing reasons, and with the Plaintiff's

Case 3:12-cv-00861-REP Document 7 Filed 08/08/13 Page 3 of 7 PageID# 29

-3-

consent, Defendant JRK requests leave to file its responsive pleading on or before August 28, 2013.

Date: August 8, 2013                                        Respectfully submitted,


                                                            _____/s/_____
                                                            David G. Barger, VSB No. 21652
                                                            Greenberg Traurig, LLP
                                                            1750 Tysons Blvd., Suite 1200
                                                            McLean, VA 22102
                                                            Tel: (703) 749-1307
                                                            Fax: (703) 714-8307
                                                            bargerd@gtlaw.com
                                                            *Attorneys for Defendant JRK Residential America, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2013, I electronically filed the foregoing Consent Motion for Leave to File Responsive Pleading with the Clerk of the Court using the CM/ECF system, which sent a notification of such filing (NEF) to the following:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Tel:  (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com
srotkis@clalegal.com
*Counsel for Plaintiff Derrick A. Milbourne*

Thomas R. Breeden, Esq.
Thomas R. Breeden, PC
10326 Lomond Drive
Manassas, VA  20109
Tel:  (703) 361-9277
Fax: (703) 257-2259
trb@tbreedenlaw.com
*Counsel for Plaintiff Derrick A. Milbourne*

       /s/
David G. Barger, VSB No. 21652
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA  22102
Tel:  (703) 749-1307
Fax: (703) 714-8307
bargerd@gtlaw.com
*Counsel for Defendant JRK Residential America, LLC*

# EXHIBIT A

|  |  |  |
|---|---|---|
| DERRICK A. MILBOURNE | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:12CV861 |
| JRK RESIDENTIAL AMERICA, LLC. | ) | |
| Defendant. | ) | |

## DECLARATION

Pursuant to 28 U.S.C. § 1746, the undersigned states as follows:

1. I am a Vice President of JRK Residential America, LLC ("JRK"). I am over the age of 21 and personally knowledgeable of the matters set forth in this declaration.

2. On December 11, 2012, JRK's in-house counsel assigned to receive all lawsuits/complaints and other legal process served on or against JRK left the employment of JRK.

3. The complaint and summons in this case was received by JRK's office on December 14, 2012.

4. The open in-house legal counsel position was filled on January 29, 2013 and this new person was assigned to receive all lawsuits/complaints and other legal process served on or against the JRK.

5. Due to this vacancy, the complaint and summons did not receive proper attention and JRK failed to realize the required deadlines for responding to the complaint and as a result failed to do so.

6. The matter was not addressed by anyone with the company in her absence, until the company was made aware of the Court's August 7, 2013 Order requiring Plaintiff to file his Request for Entry of Default by August 9, 2013 (Docket No. 6).

7. Upon learning of the potential default and failure to timely respond, JRK immediately engaged Greenberg Traurig to prepare this Motion for Leave and to contact Plaintiff's counsel to alert them to the issue.

I declare under penalty of perjury, the foregoing to be true and correct to the best of my knowledge and belief.

| August 8, 2013 | [signature] |
|---|---|
| Date | Howard Heitner |

-2-