UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DERRICK A. MILBOURNE, <br><br> Plaintiff, <br><br> v. <br><br> JRK RESIDENTIAL AMERICA, LLC, <br><br> Defendant. | CIVIL ACTION NO.: 3:12 cv 861 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

This is a Rule 23 putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiff Derrick A. Milbourne ("Mr. Milbourne") is a former conditional employee of Defendant JRK Residential America, LLC ("JRK"). He claims that JRK violated the FCRA in two respects. First, he asserts that JRK violated the FCRA when it allegedly did not give him an accurate and current summary of his rights under the FCRA and/or a timely copy of the consumer report allegedly used, before JRK took the adverse action against him. Second, he claims that JRK improperly procured a consumer report about him because it did not first make certain allegedly required disclosures and/or receive his written consent in the required format. Mr. Milbourne alleges that he (and thus putative class members) are entitled to recover statutory damages of not less than $100 and not more than $1,000 for each violation, punitive damages, and attorneys' fees and costs,

Because Mr. Milbourne's theory of liability concerns isolated events for which the damages are statutorily confined, JRK can reliably determine the maximum overall value of his claims. Accordingly, by letter dated September 10, 2013, JRK extended an unequivocal Offer of

Judgment (the "Offer") to Mr. Milbourne in accordance with Fed. R. Civ. P. 68. The Offer provided Mr. Milbourne with complete relief for any and all of his alleged damages, fees, and costs (and then some), including an entry of judgment in his favor. Notwithstanding, Mr. Milbourne ignored the Offer, effectively rejecting it. Consequently, he no longer has a personal stake or legally cognizable interest in the outcome of this case, a prerequisite to this Court's subject matter jurisdiction under Article III of the United States Constitution. As a result, this Court should dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1).

JRK fully expect that Mr. Milbourne will argue against dismissal because he has alleged a putative Rule 23 class action. The Class Complaint's class action allegations, however, do not alter the fact that Mr. Milbourne now has no personal stake and the narrow exceptions to the mootness doctrine, which apply to Rule 23 class actions, simply do not apply here. Accordingly, this Court is compelled to dismiss this Action, notwithstanding the Class Complaint's class action allegations.[1]

## I.  RELEVANT FACTS AND PROCEDURAL HISTORY

In November 2010, Mr. Milbourne applied for a job with JRK. (Compl. ¶ 5). Shortly thereafter, he started work at JRK, albeit on a conditional basis because JRK had not yet obtained Mr. Milbourne's "consumer report," (more commonly known as the results of his authorized background check). (Compl. ¶ 6; Answer, ¶¶ 6-7). On or about November 30, 2010, after JRK obtained his "consumer report" from its third-party provider of such reports, JRK terminated Mr. Milbourne's employment. (Compl. ¶¶ 7-8). JRK did so because, among other things, the report

---

[1] Although the Fourth Circuit has yet to address how best to dispose of a case, like this one, that is rendered by moot by a plaintiff's refusal to accept a defendant's offer of judgment, other circuit courts have split on the proper procedure. *Compare Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) (ruling that plaintiff who rejects full offer of relief loses outright, permitting judgment to enter in favor of offering defendant) and *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009) (holding "the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment.") Although JRK submits that the Seventh Circuit's approach is the better reasoned one, it does not oppose a dismissal of this case via an entry of the offered judgment in Plaintiff's favor.

contained information about Mr. Milbourne's criminal history that he had not previously disclosed. (Compl. ¶ 8; Answer ¶¶ 8).

On November 30, 2012, Mr. Milbourne filed this lawsuit alleging two separate and distinct violations of the FCRA. He first claims that JRK violated the FCRA when it allegedly did not give him an accurate and current summary of his rights under the FCRA and/or a timely copy of the consumer report allegedly used, before JRK took the adverse action against him (Count I). He next asserts that that JRK improperly procured a consumer report relating to him without first making proper disclosures and receiving written consent in the format allegedly required by the FCRA. (Count II). He purports to bring both Counts as class actions, labeling the first class the "Adverse Action Class" (Compl. ¶ 31), and the second class the "Impermissible Use Class." (Compl. ¶ 32). Under both causes of action, Mr. Milbourne contends that he (and the putative class members) is entitled to recover statutory damages of not less than $100 and not more than $1,000 for each violation, punitive damages, and attorneys' fees and costs. (Compl. ¶¶ 47-48; 52-53). Mr. Milbourne has yet to move for class certification.

By letter dated September 10, 2013, JRK served Mr. Milbourne with a Rule 68 Offer of Judgment that provided complete relief for all of his alleged damages. (*See* JRK's Rule 68 Offer of Judgment to Mr. Milbourne, attached as Exhibit A). Specifically, JRK's Offer to Mr. Milbourne provided for the entry of judgment in his favor in a total aggregate gross amount of $12,000, for all statutory money damages available under the FCRA, including prejudgment interest should this Court deem him entitled to it. JRK's Offer also included reasonable attorneys' fees, costs, and expenses incurred by Mr. Milbourne in bringing his claims, as determined by this Court. *Id.* JRK formulated its Offer to ensure that it offered Mr. Milbourne relief in excess of what he could potentially recover if he ultimately succeeded in proving his

claims.² Even though JRK's Offer afforded him all relief he could obtain in this case, Mr. Milbourne never responded to the Offer.³

## II.   PLAINTIFFS CANNOT ESTABLISH SUBJECT-MATTER JURISDICTION

### A.   There is No Pending Case or Controversy Before this Court.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual cases and controversies." U.S. Const. Art. III Sec. 2; *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968). "[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Flast,* 392 U.S. at 95. As the United States Supreme Court and Fourth Circuit have recognize, a defendant's offer to pay the full amount of the plaintiff's potential recovery is such a subsequent development that renders the plaintiff's claim moot because the plaintiff then loses a legally cognizable interest in the outcome of the litigation. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir. 2002) ("Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Thus, once a defendant makes such an offer, the district court loses subject-matter jurisdiction over the plaintiff's case, and dismissal of the action is required. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 343 (3d Cir. 2003) (stating "[w]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required.") (*quoting Lusardi v. Xerox Corp.,* 975 F.2d 964, 974 (3d Cir. 1992)).

---

² In calculating the Offer amount, and solely for that purpose, JRK made every assumption in Mr. Milbourne's favor:
- Credit for full statutory damages of $1,000 for each of the two claims asserted (a total amount of $2,000) (see Compl. ¶¶ 47, 52); and
- An award of punitive damages at a 5:1 ratio of statutory damages, resulting in a total punitive damage award of $10,000 ($5,000 for each claim). The 5:1 ratio is consistent with standards for the awarding of punitive damages set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

³ Mr. Milbourne had fourteen (14) days to accept JRK's Offer. *See* F. R. Civ. P. 68(a).

Where, as here, a defendant offers all that a plaintiff could hope to recover through litigation, the plaintiff loses his personal stake in the litigation and the issues in the action are no longer live. *See Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) (affirming dismissal on mootness grounds where defendants had offered plaintiff judgment in full amount of damages to which she claimed individually to be entitled; plaintiff's "personal stake in the outcome had disappeared, and federal courts do not sit simply to bestow vindication in a vacuum."); *Warren v. Sessoms & Rogers,* 676 F.3d 365, 370 (4th Cir. 2012) ("Accordingly, we have found 'there was no longer any case or controversy' when 'defendants had offered [a plaintiff] the full amount of damages' to which the plaintiff claimed entitlement."), *quoting Zimmerman*, 800 F.2d at 390; *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) (explaining that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under *Fed. R. Civ. P. 12(b)(1)*, because he has no remaining stake.") (internal citation omitted); *see also* 13A Charles Alan Wright & Arthur R. Miller, Fed. Practice and Procedure: Jurisdiction 2d § 3533.2, at 236 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

**B. That Plaintiff Purports to Seek a Rule 23 Class Action Does Not Change the Fact That His Case Is Moot.**

There is no doubt that the mootness doctrine applies with full force to putative Rule 23 class actions, like this one. *See Sosna v. Iowa*, 419 U.S. 393, 402 (1975). Indeed, the Supreme Court has expressly ruled in the context of class actions that Article III requires that the named plaintiff must have a valid case or controversy at the time the complaint is filed as well as "at the time the class action is certified by the District Court pursuant to Rule 23." *Sosna*, 419 U.S. at 402. The Fourth Circuit and others agree. *See Banks v. Multi-Family Management, Inc.*, 554

5

F.2d 127, 128 (4th Cir. 1977) (affirming dismissal of putative class action where named plaintiff's individual claim became moot before district court certified class); *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) (stating that putative class action "ordinarily must be dismissed as moot if no decision on class certification has occurred by the time that the individual claims of all named plaintiffs have been fully resolved."); *Arnold v. Panora*, 593 F.2d 161, 164 (1st Cir. 1979) ("Arnold next argues that even if moot as to him, the case is not moot as to the other members of his class. Since Arnold's claim became moot prior to certification of the class, dismissal of the complaint was required."), *citing Sosna*, 419 U.S. at 399.

To the extent exceptions to the mootness doctrine exist in class actions, those exceptions do not apply in cases, like this one, where no motion for class certification has been ruled on, much less filed.[4] *See Genesis Healthcare Corporation v. Symczyk*, __ U.S. __, 133 S. Ct. 1523, 1530-31 (2013) (reviewing line of Supreme Court authority that established exceptions to mootness in the class action context and noting that all involved instances in which the plaintiff(s) had already filed a motion for class certification); *United States Parole Commission v. Geraghty*, 445 U.S. 388, 404 n.11 (1980) (limiting exception to mootness doctrine in class actions to cases in which trial court ruled on class certification motion *before* expiration of plaintiff's claim: "If the named plaintiff has no personal stake in the outcome at the time class certification is denied, relation back of appellate reversal of that denial still would not prevent mootness of the action."). Thus, because Mr. Milbourne has never sought class certification here, once JRK made its Offer of full relief on September 10, 2013, this case was over.[5]

---

[4] Rule 23 itself supports the conclusion that it is perfectly acceptable to offer a named plaintiff full relief before the filing of a motion for class certification and thereby moot the entire case. Before 2003, Rule 23 required court approval of any settlement of a "class action." The 2003 amendments, however, require court approval only of settlements for members of a "certified class." *See* Fed. R. Civ. P. 23(e). This change implies that defendants are free, before certification, to offer complete relief to named plaintiffs in an effort to moot their claims. *See Ptasinska v. United States Department of State*, No. 07 C 3795, U.S. Dist. LEXIS 7355, at *3 (N.D. Ill. Jan. 31, 2008).

[5] That Mr. Milbourne rejected JRK's Offer of complete relief is of no moment with respect to the mootness inquiry.

In sum, JRK's Offer provides Mr. Milbourne with compensation that is equal to or greater than the potential relief he could obtain at trial. JRK calculated the Offer overwhelmingly in Mr. Milbourne's favor, including amounts that he is not even eligible to recover.[6] As a result, Mr. Milbourne lacks a legally cognizable personal stake in the outcome of this case and there is no case or controversy before this Court. The Court, therefore, should dismiss this action under Fed. R. Civ. P. 12(b)(1). *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2012) ("To allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake defies the limits on federal jurisdiction expressed in Article III.").

---

As the Supreme Court noted in *Genesis Healthcare*, 133 S. Ct. at 1529 fn. 4, Courts of Appeals on all sides, including the 4th Circuit, have recognized that a plaintiff's claim may be satisfied without consent. *See Zimmerman*, 800 F.2d. at 390; *Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 764-765 (4th Cir. 2011); *Weiss v. Regal Collections,* 385 F.3d 337, 340 (3d Cir. 2004) (*citing Rand*, 926 F.2d at 598). *See also Griesz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("You cannot persist in suing after you've won. [The plaintiff's counsel] may have thought that he had something to gain by pressing on – additional attorney's fees. But if that is what he thought, he was mistaken. . . .. So, by spurning the defendant's offer, [the plaintiff's counsel] shot both himself and his client in the foot.") (emphasis in original).

[6] For example, JRK's offer assumes: (1) the maximum amount of potential statutory liability; (2) that Mr. Milbourne will be able to prove an entitlement to punitive damages; and (3) that he is entitled to prejudgment interest even in the face of a punitive damage award.

### III. CONCLUSION

Defendant's Rule 68 Offer of Judgment affording Plaintiff complete relief for his individual claims mooted this case. As a result, this Court no longer has subject-matter jurisdiction over it.

Date: October 25, 2013            Respectfully Submitted,

/s/ David G. Barger
David G. Barger, VSB No. 21652
Michael Sklaire VSB No. 74354
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102
Tel: (703) 749-1307
Fax: (703) 714-8307
Email: bargerd@gtlaw.com

*Attorneys for Defendant JRK Residential America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2013, I will electronically file the foregoing **Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Supporting Memorandum** with the Clerk of the Court using the CM/ECF system, and that service will thereby be accomplished on:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Associates, PC
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Tel:  (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com
srotkis@clalegal.com
*Counsel for Plaintiff Derrick A. Milbourne*

Thomas R. Breeden, Esq.
Thomas R. Breeden, PC
10326 Lomond Drive
Manassas, VA  20109
Tel:  (703) 361-9277
Fax: (703) 257-2259
trb@tbreedenlaw.com
*Counsel for Plaintiff Derrick A. Milbourne*

/s/ David G. Barger
David G. Barger, VSB No. 21652
Michael Sklaire VSB No. 74354
Greenberg Traurig, LLP
1750 Tysons Blvd., Suite 1200
McLean, VA 22102
Tel: (703) 749-1307
Fax: (703) 714-8307
Email:  bargerd@gtlaw.com

*Attorneys for Defendant JRK Residential America, LLC*