IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Virginia

DERRICK A. MILBOURNE, on
his own behalf and on
behalf of those similarly
situated,

    Plaintiff,

v.　　　　　　　　　　　　　　Civil Action No. 3:12cv861

JRK RESIDENTIAL AMERICA, LLC,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (Docket No. 13) filed by JRK Residential America, LLC ("JRK"). For the reasons set forth herein, the motion will be denied.

## FACTUAL BACKGROUND

Derrick A. Milbourne filed a class complaint alleging that JRK violated various sections of the Fair Credit Reporting Act ("FCRA"). Milbourne claims that, after hiring him on a conditional basis pending the receipt of a background check, JRK fired him after receiving that background check. Milbourne asserts that JRK violated the FCRA because it did not comply with the statute's "procedural protections and requirements" in that JRK did not provide him a copy of the report that was used

as a basis for rescinding the offer of employment; that JRK did not provide him with the notice it was required to give before requesting the report; and that JRK did not provide him with a description of his rights under the FCRA. Milbourne also alleges that JRK routinely violated the FCRA in this respect, and he has alleged facts that, if proved, would support a finding that JRK's employment practices have harmed a class of people who have applied for, and been denied employment by, JRK as a result of JRK's conduct.

On September 10, 2013 JRK made an Offer of Judgment to Milbourne under Fed. R. Civ. P. 68 (Docket No. 14-1). The offer of judgment was for $12,000 "inclusive of all damages," and "prejudgment interest, reasonable attorneys' fees, costs and expenses to which Plaintiff is entitled by law, as the Court may determine." Id. The offer included $2,000 in statutory damages (calculated at $1,000 for each of the two counts - the maximum statutory damages allowed under the FCRA), and $10,000 in punitive damages (calculated at a ratio of 5:1 to the statutory damages tendered for each of the two counts). According to JRK, Milbourne ignored the offer and effectively rejected it by allowing it to expire.

On November 13, 2013, JRK made another offer of judgment, this time in the amount of $22,000 "exclusive of any prejudgment interest, attorneys' fees, and costs, accrued to date to which

2

the Court determines Plaintiff entitled in this action." (Docket No. 18-1 at 2). This offer also included $2,000 in statutory damages ($1,000 for each of the two counts) and $20,000 in punitive damages (calculated at a ratio of 10:1 to the statutory damages). This offer also expired without action by Milbourne.

JRK contends that, because Milbourne rejected the offers of judgment, he no longer has an interest in the case and that, therefore, the case is moot.

**PROCEDURAL BACKGROUND**

The procedural history of this case is somewhat unusual, and a summary is warranted here.

On November 30, 2012, Milbourne filed his complaint and, on December 21, 2012, a summons was returned executed as to JRK. The summons was served on December 12, 2012, and JRK's answer to the complaint was due on January 2, 2013. But, no answer was filed. Furthermore, for eight months, neither Milbourne nor JRK made any filings in the case.[1] Then, on August 1, 2013, Milbourne's counsel filed a Notice of Appearance and a Status Report. In the Status Report, Milbourne stated that he planned

---

[1] It appears that, a few days before service of the Complaint, the employee of JRK who was responsible for this kind of matter, left the company and a replacement was not hired until six weeks later. JRK became aware of the case in August 2013 when Milbourne filed for entry of default. Milbourne later agreed to relieve JRK from its plight. Why Milbourne let the matter remain idle for so long is unknown.

3

to move for entry of default no later than August 9, 2013; to move for class certification no later than August 30, 2013;[2] and to move for default judgment upon the Court's certification of the class. Following the Status Report, the Court issued an Order on August 7, 2013 ("August 7 Order") directing Milbourne to file his request for entry of default by August 9, 2013. The August 7 Order also directed Milbourne to file his motion for class certification by August 30, 2013, and provided that the motion for class certification was granted, the proffered motion for default judgment should be filed within 30 days of entry of an Order certifying the action as a class.

On August 8, 2013, JRK filed a consent motion for leave to file a responsive pleading no later than August 28, 2013. On August 9, Milbourne filed a consent motion for extension of time to move for entry of default. On August 13, 2013, the Court granted the consent motion to allow JRK leave to file a response; denied as moot Milbourne's motion for extension of time to move for entry of default; vacated the August 7 Order; and directed JRK to file its Answer "and any other motion with respect to the Complaint" by August 28. JRK filed its Answer on August 28. JRK later filed this motion to dismiss for lack of

---

[2] According to Milbourne's research as stated in the Status Report, it was Milbourne's understanding that in cases of default in putative class actions, the prerequisite to class recovery was class certification.

4

jurisdiction.[3] Milbourne responded on November 1, and JRK replied (after an extension of its filing deadline) on November 14. The motion is now ripe for decision.[4]

**ISSUES**

The basis of the motion to dismiss for lack of subject matter jurisdiction rests squarely on JRK's contention that there is no case or controversy. That contention, in turn, is predicated on JRK's position that it made a complete offer of judgment under Fed. R. Civ. P. 68 which Milbourne rejected. Therefore, says JRK, the Court lacks jurisdiction to hear the case, the class allegations notwithstanding. The motion raises two issues: (1) whether the Rule 68 offer of judgment is a complete offer of relief; and (2) if so, whether that offer and its rejection moot Milbourne's interest in the case when no motion for class certification has been filed. For the reasons explained below, the Rule 68 offer was incomplete. It is thus unnecessary to consider alternate grounds for relief.

---

[3] Even though JRK filed its motion to dismiss after the Court's deadline, any party may raise the issue of jurisdiction at any time. New Horizon of NY, LLC v. Jacobs, 231 F.3d 143, 150 (4th Cir. 2000).

[4] Milbourne never made a motion for class certification. However, he did request in his Complaint "that this action may proceed as a class action under Rule 23(b)(1), (2) and (3) of the Federal Rules of Civil Procedure." Compl. ¶ 53 A, Docket No. 1.

5

**STANDARD OF REVIEW**

The motion to dismiss for lack of subject matter jurisdiction is made pursuant to Fed. R. Civ. P. 12(b)(1). Such a motion can be presented in two forms: a facial challenge to the allegations in the complaint or a factual challenge to the allegations in the complaint. See Walker v. United States Dept. of the Army, 60 F. Supp. 2d 554, 555 (E.D.Va. 1999) (citing Adams v. Bain, 697 F. 2d 1213, 1219 (4th Cir. 1982)). In either situation, the plaintiff bears the burden of proving that there is subject matter jurisdiction.

In a facial challenge like the one made here, the Court should accept as true the jurisdictional facts alleged in the complaint. Based on those facts, the Court should then determine whether, as a matter of law, they are sufficient to establish subject matter jurisdiction. Adams, 697 F.2d at 1219.

**ANALYSIS**

Article III of the United States Constitution restricts the jurisdiction of the federal courts to adjudicating cases only when there is an actual "case" or "controversy" between the parties. U.S. Const. Art. III, Sec. 2; Flast v. Cohen, 392 U.S. 83, 94-95 (1968). "[N]o justiciable controversy is presented when . . . the question sought to be adjudicated has been mooted by subsequent developments." Flast, 392 U.S. at 95. Generally,

when, in a development subsequent to the filing of the action, a plaintiff receives the relief sought in the complaint, his claim becomes moot, depriving the court of subject matter jurisdiction. Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (citing Broughton v. North Carolina, 717 F.2d 147, 149 (4th Cir. 1983)).

One such subsequent development by which a plaintiff can receive complete relief is the tender of an offer of judgment under Rule 68. The purpose of the rule is to encourage settlement. Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 370 (4th Cir. 2012) (citing Marek v. Chesny, 473 U.S. 1, 5 (1985)). And, "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she 'sought to obtain,' the offer renders the plaintiff's action moot." Warren, 676 F.3d at 371 (quoting Friedman's, 290 F.3d at 197). When an individual plaintiff rejects a defendant's complete Rule 68 offer of judgment, that plaintiff no longer has a "stake in the outcome" and there is no longer a justiciable case or controversy. Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986) (citing Abrams v. Interco, Inc., 719 F.2d 23 (2d Cir. 1983)).

Here, Milbourne did not accept JRK's Rule 68 offer. Therefore, to determine whether the Court retains subject matter jurisdiction in this case, it is necessary to assess whether the Rule 68 offer of judgment was a complete offer of relief.

7

Rule 68 provides a mechanism for parties to settle cases before trial by allowing a defendant to "serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P 68(a). Although the text of the rule does not require that a specific sum be offered, the accepted rule is that Rule 68 offers must be unequivocal and unconditional. See Warren, 676 at 370-71 (citing Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 763 (4th Cir. 2011)); see also 12 Charles Alan Wright, et al., Federal Practice and Procedure § 3002 (2d ed. 1997). Thus, if a plaintiff makes a specific demand for actual damages, and the defendant offers that amount or more, then the offer is complete and will moot the plaintiff's case. Warren, 676 F.3d at 372. However, where a plaintiff makes an unspecified demand for actual damages, it is not possible to ascertain (certainly not on a facial challenge to jurisdiction) whether an offer is complete for Rule 68 purposes. Id. at n. 4 (holding that a plaintiff's failure to make a settlement demand is "not to blame for the ambiguity of the offer because 'such [a] complaint matters not to a mootness inquiry.'" (quoting Simmons, 634 F.3d at 766)).

In Warren, the Fourth Circuit directly addressed the issue of complete relief within the meaning of an offer of judgment pursuant to Rule 68. The plaintiff in Warren filed a complaint seeking damages in a Fair Debt Collection Practices Act (FDCPA)

8

case. The FDCPA (like the FCRA) does not impose a limit on the actual damages that a plaintiff may recover. However, both statutes do impose caps on statutory damage. The cap under the FDCPA is $250, and the maximum under the FCRA is $1,000. In Warren, the defendant made alternative offers of $250 (the plaintiff's maximum statutory damages) or "an amount determined by the Court upon Plaintiff's submission of affidavits or other evidence of actual damage." Warren, 676 F.3d at 371-73. The $250 offer was found to be incomplete because it was not possible, at the early stage of the proceedings, to determine whether the plaintiff could have recovered more than $250. There was no cap for actual damages in the case, and a total offer or $250 could not satisfy the plaintiff's demand for unspecified actual damages. Id. at 372. The alternative offer (leaving determination of an award up to the district court) was not complete because it was "conditional" and "predicated on what the district court as fact finder might or might not do." Id.

The District Court for the Southern District of West Virginia recently applied the reasoning of Warren to a case involving the FCRA. In Smith v. Res-Care, Inc., the court held that where there was a request for "an unspecified amount of actual damages, and the statute at issue did not cap those damages" then a defendant's Rule 68 offer could not fully satisfy the plaintiff's request for relief. Smith, 2013 U.S.

9

Dist. LEXIS 122334, *13-14 (S.D. W.Va. August 28, 2013). In Smith, the defendant offered the plaintiff a total of $25,000 which the defendant argued "exceed[ed] the amount of statutory damages, realistic punitive damages, fees, and costs" to which the plaintiff could have been entitled. Id. at *14. Even though the court found that "it may be unlikely" that the Smith plaintiff would receive more than a 9:1 ratio of damages (the amount used to calculate the $25,000 offer), such an award was nevertheless "possible." Id.[5] Without an evidentiary hearing or further fact finding, it was not possible for the court to find that the defendant's offer of judgment provided full relief to the plaintiff.

---

[5] Defendants in Smith relied on the same cases to argue that their offer of punitive damages was complete as does JRK in this case. Both mistakenly relied on State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003) and BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996) to make their claims that punitive damages at a ratio of more than 9:1 (in the Smith case) or 10:1 (in this case) would not be awarded, and therefore their offers for punitive damages at those ratios were complete. However, neither State Farm nor BMW sets a mathematical limit on punitive damages. In fact, both decisions held that there is not (nor should there be) a bright mathematical line for calculating punitive damages. State Farm declined to impose a bright line ratio for damages, but did note that cases with single-digit ratios of punitive to compensatory damages would more likely survive a due process challenge. State Farm, 538 U.S. at 425. BMW also rejected setting a mathematical limit, but noted that the three "guideposts" for determining punitive damages should be the reprehensibility of the actions in the case, the ratio of punitive damages to actual harm, and the difference between the damages imposed and damages imposed in similar cases. BMW, 517 U.S. at 574. In sum, at least at this stage, it is not possible to accomplish that analysis. Thus, State Farm and BMW do not have the effect urged by JRK.

10

Here, as in Smith, the defendant made an offer of judgment estimating the total punitive damages to which Milbourne may be entitled. In its first offer, JRK estimated a 5:1 punitive to statutory damages ratio. In its second offer, JRK raised the ratio to 10:1. Notwithstanding the amount of the offer that is favorable to Milbourne, it is not possible to determine whether those punitive damage offers are complete. There is no cap on punitive damages in an FCRA case, and without further factual enquiry, there is no way to calculate with any certainty the total "actual" damages to which Milbourne is entitled. Faced with this determination in Warren and Smith, both courts found that the Rule 68 offers were incomplete. This logic and conclusion applies with equal force here even though Milbourne concedes that he is seeking "only statutory and punitive damages" because punitive damages are not capped under the FCRA, and cannot, therefore, be determined at this stage in the litigation. Thus, the offer of judgment under Rule 68 cannot completely satisfy the plaintiff's claim.[6]

---

[6] If the allegations of the complaint are proved, JRK's conduct might prompt punitive damages in substantially excess of those tendered by JRK; and, depending on what is proved, such an award might well be appropriate. Moreover, neither State Farm nor BMW supplies the rule for measuring punitive damages where statutory damages are capped at a small sum, but the defendant's conduct is exceedingly reprehensible.

## CONCLUSION

For the foregoing reasons, the Court concludes that the Rule 68 offer does not satisfy the criteria for completeness. Because the offers are incomplete, they cannot moot Milbourne's case. It is thus not necessary to analyze the argument that because Milbourne's case is moot the class action cannot proceed. Therefore, DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (Docket No. 13) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 7, 2014