**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**DERRICK A. MILBOURNE, on Behalf of Himself and All Others Similarly Situated,**

Plaintiff,

vs.

**JRK RESIDENTIAL AMERICA, LLC.**

Defendant.

CIVIL ACTION NO. 3:12-CV-861

**DECLARATION OF LEONARD A. BENNETT
IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS**

I, Leonard A. Bennett, hereby declare the following:

1. My name is Leonard A. Bennett. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

**Consumer Litigation Associates**

2. I am one of the attorneys working on behalf of the Plaintiffs and the Class in the above-styled litigation, and I am an attorney and principal of the law firm of Consumer Litigation Associates, P.C., a seven-attorney law firm with offices in Hampton Roads and Alexandria, Virginia. My primary office is at 763 J. Clyde Morris Boulevard, Suite 1-A, Newport News, Virginia 23601. I submit this Declaration in support of Plaintiffs' Motion for Class Certification.

3. I have worked hard to attain a strong reputation for integrity and excellence

while also pursuing other difficult cases that have produced excellent results for numerous individuals and class members. I have been found as adequate class counsel in each case in which I have sought appointment as class counsel. I have never been sanctioned by a court or denied admission pro hac vice.

4. Since 1994, I have been and presently am a member in good standing of the Bar of the highest court of the Commonwealth of Virginia, where I regularly practice law. Additionally, since 1995, I have been and presently am a member in good standing of the Bar of the highest court of the State of North Carolina. I have also been admitted to practice before and am presently admitted to numerous other federal courts. I have also been admitted pro hac vice in United States District Courts across the country including Alabama, California, Louisiana, Florida, Rhode Island, Hawaii, New Hampshire, Connecticut, Ohio, South Carolina, Pennsylvania, Arizona, Massachusetts, Tennessee, Georgia, Wyoming, Texas, Washington and Maryland. I have never been denied admission pro hac vice.

5. Since 1996, my practice has been limited to consumer protection litigation. While my experience representing consumers has come within several areas, my most developed area of expertise is in plaintiffs litigation under the Federal Consumer Credit Protection Act, 15 U.S.C.§1601, et seq., and in particular the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. Our firm has litigated more FCRA cases and taken more to trial than any or all but one other firm in the nation.

6. Since 2001, I have been asked to and did speak at numerous CLE programs, seminars and events in the area of Consumer Credit Protection litigation, mostly regarding

the FCRA. [1]

7. I have been invited to and did testify before the United States House Financial Services Committee on multiple occasions. In 2014, I was invited to and did speak before the

[1] National Consumer Law Center, Consumer Rights Conference, Washington, D.C., Speaker for Multiple Sessions (November 2013); National Consumer Law Center, Fair Debt Collection Practices Act Conference, Fair Credit Reporting Act Claims Against Debt Buyers, March 2013; National Association of Consumer Advocates, Webinar CLE: FCRA Dispute Process, December 2012; Rossdale CLE, Fair Credit Reporting Act (August 2012); Virginia Trial Lawyers Association, Advocacy Seminar - October, 2011; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference - Memphis, TN, May 2011; Stafford Publications CLE, National Webinar, "FCRA and FACTA Class Actions: Leveraging New Developments in Certification, Damages and Preemption" (April 2011); National Consumer Law Center, National Consumer Rights Conference, Boston, Speaker for Multiple Sessions, November, 2010; Virginia State Bar, Telephone and Webinar Course, Virginia, 2009; "What's Going On Here? Surging Consumer Litigation - Including Class Actions in State and Federal Court"; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference, Chicago, IL, May 2009; National Consumer Law Center, National Consumer Rights Conference, Philadelphia, Speaker for Multiple Sessions, November 2009; National Consumer Law Center, National Consumer Rights Conference, Portland, OR, Speaker for Multiple Sessions, November 2008; Washington State Bar, Consumer Law CLE, Speaker, September 2008; Washington State Bar, Consumer Law CLE, Speaker, July 2007; House Financial Services Committee, June 2007; National Consumer Law Center, National Consumer Rights Conference, Washington, D.C., Speaker for Multiple Sessions, November 2007; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference; Denver, Colorado, May 2007, Multiple Panels; U.S. Army JAG School, Charlottesville, Virginia, Consumer Law Course Instructor, May 2007; Georgia State Bar, Consumer Law CLE, Speaker, March 2007; Contributing Author, Fair Credit Reporting Act, Sixth Edition, National Consumer Law Center, 2006; National Consumer Law Center, National Consumer Rights Conference, Miami, FL, Speaker for Multiple Sessions, November 2006; Texas State Bar, Consumer Law CLE, Speaker, October 2006 Federal Claims in Auto fraud Litigation; Santa Clara University Law School, Course, March 2006; Fair Credit Reporting Act; Widener University Law School, Course, March 2006 Fair Credit Reporting Act; United States Navy, Navy Legal Services, Norfolk, Virginia, April 2006 Auto Fraud; Missouri State Bar CLE, Oklahoma City, Oklahoma; Identity Theft; National Consumer Law Center, National Consumer Rights Conference, Boston, Mass, Multiple panels; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference, New Orleans, Louisiana (May 2005), Multiple Panels; United States Navy, Naval Justice School (JAG Training), Newport , Rhode Island, Consumer Law; American Bar Association, Telephone Seminar; Changing Faces of Consumer Law, National Consumer Law Center, National Consumer Rights Conference, Boston, Mass; Fair Credit Reporting Act Experts Panel; and ABCs of the Fair Credit Reporting Act; National Association of Consumer Advocates, Fair Credit Reporting Act National Conference, Chicago, Illinois; Multiple Panels; Oklahoma State Bar CLE, Oklahoma City, Oklahoma, Identity Theft; Virginia State Bar, Telephone Seminar, Identity Theft; United States Navy, Naval Justice School (JAG Training), Newport, Rhode Island, Consumer Law; United States Navy, Navy Legal Services, Norfolk, Virginia, Auto Fraud; Virginia State Bar, Richmond and Fairfax, Virginia, Consumer Protection Law; Michigan State Bar, Consumer Law Section, Ann Arbor, Michigan; *Keynote Speaker.*

Consumer Financial Services Bureau Consumer Advisory Board. I have also been invited to and did serve on a Federal Trade Commission Round Table and Governor Kaine's Virginia Protecting Consumer Privacy Working Group all within this field. I am on the Board of Directors of the National Association of Consumer Advocates, on the Partners Council of the National Consumer Law Center, on the Board of Directors for the Virginia Poverty Law Center, and am a member of the Public Justice Foundation. I have been named as a multi-year Super Lawyer, a Law Dragon Top 500 Plaintiffs Attorney and a Virginia Leader in the Law.

8. I was one of the contributing authors of the leading and comprehensive treatise "Fair Credit Reporting" published by National Consumer Law Center and used by judges and advocates nationally.

**Consumer Litigation Associates' Class Action Experience**

9. I have substantial experience in complex litigation, including class action cases, prosecuted under the Consumer Credit Protection Statutes, including the Fair Credit Reporting Act, the Equal Credit Opportunity Act, and the Fair Debt Collection Practices Act.

10. I have litigated dozens of class action cases based on consumer protection claims in the past decade. In each of the class cases where I have represented Plaintiffs in a consumer credit case, the Court found me to be adequate class counsel. In each of these, I served in a lead or executive committee counsel role.

11. Additionally, and with respect to litigation of class actions, the attorneys of CLA and I have litigated the following class cases to a successful conclusion: *White v. CRST, Inc.*, No. 1:11-cv-2615 (N.D. Ohio); *Hall v. Vitran Express, Inc.*, No. 1:09-cv-00800 (N.D. Ohio); *Wilder v. Triad Financial Corp.*, No 3:03-CV-863 (E.D. Va.); *Silva v. Haynes*

*Furniture, No.* 4:04-CV-82 (E.D. Va.); *Linares v. First Equity Card Corp*., No. 3:05-CV-103 (E.D. Va.); *Martin v. United Auto Credit, et al*., No. 3:05-CV-143 (E.D. Va.); *Jose Hernandez v. Equifax Information Services, LLC*, *et al*., No. 2:06-CV-3924 (C.D. Cal.) consolidated with *White, et al. v. Experian Information Solutions, Inc., et al*., No. 8:05-CV-1070 (C.D. Cal.); *White v. Experian*, 8:05-cv-01070 (C.D. Cal.)(Injunctive Relief settlement approved); *Williams v. LexisNexis Risk Management*, 3:06-CV-241 (E.D. Va.); *Beverly v. Wal-Mart Stores, Inc*., 3:07-CV-469 (E.D. Va.); *Mayfield v. Members Trust Credit Union*, No. 3:07-CV-506 (E.D. Va.)*; Anderson v. Signix, Inc., et al., No. 3:08-CV-570 (E.D. Va.); Reardon v. Closetmaid, No. 2:08-cv-1730 (W.D. Pa.); Cappetta v. GC Servs. LP*, No. 3:08-CV-288-JRS (E.D. Va.); *Domonoske v. Bank of America*, N.A., No. 5:08-CV-66 (W.D. Va.); *Smith v. Talecris Biotherapeutics, Inc*., No. 1:09-CV-l53 (M.D.N.C. July 7, 2010); *Daily v. NCO Financial,* No. 3:09-CV-31-JAG (E.D. Va); *Black v. Winn-Dixie Stores, Inc*., No. 3:09-CV-502 (M.D. Fla.); *Ryals v. HireRight Solutions, Inc*., *et al,* 3:09-CV-625 (E.D. Va.); *Harris v. U S. Physical Therapy, Inc.*, No. 2:10-CV-1508 (D. NV.); *Thomas v. Wittstadt*, 3:12cv450 (E.D.Va); *Soutter v. Trans Union*, No. 3:10-cv-514 (E.D. Va.); *Bell v. U.S. Express, Inc*., No. l:11-CV-181 (E.D. Tenn.); *Goode v. First Advantage LNS Screening Solutions, Inc*., No. 2:11-cv-2950 (E.D. Pa.)*; Lengrand v. Wellpoint,* No. 3:11-CV-333 (E.D. Va.); *Henderson v. Verifications Inc.*, No. 3:1l-CV-514 (E.D. Va.); *Pitt v. K-Mart Corp*, 3:11-CV-697 (E.D. Va.); *Teagle v. LexisNexis Screening Solutions, Inc.* (formerly "Choicepoint"), No. 1:11-cv-1280 (N.D. Ga.); *Stinson v. Advance Auto Parts,* No. 7:12-cv-433 (W.D. Va.); *Ellis v. Swift Transportation Co. of Arizona, No. 3:13-cv-473 (E.D. Va.); Shami v. Middle East Broadcasting, Inc.,* No. 1:13-cv-467 (E.D. Va.); *Goodrow v. Friedman & MacFadyen*, 3:11-cv-20 (E.D.Va.); *Roe v. Intellicorp*, Civ. No. 1:12cv2288 (N.D. Ohio).

12. Susan M. Rotkis, also a CLA attorney, is working on behalf of the Plaintiff and putative Class in the above-styled litigation. Ms. Rotkis is an attorney with approximately 18 years of experience. Ms. Rotkis joined Consumer Litigation Associates in 2010, and has since that time focused her practice on federal consumer protection law and class actions, representing consumers in cases against banks, mortgage companies, consumer reporting agencies and debt collectors. She is a member of the National Association of Consumer Advocates. She has practiced law in Virginia since 1996 and is admitted to practice in the United States District Courts for the Eastern and Western Districts of Virginia and the Fourth Circuit Court of Appeals. She was invited to and did teach the introductory courses on Class Action litigation at last year's National Consumer Litigation Conference. She has spoken at the NACA Fair Credit Reporting Conference, and taught Continuing Legal Education on consumer protection issues to other attorneys. Prior to joining CLA, Ms. Rotkis had considerable experience in the federal courts where she served as a judicial law clerk for a total of almost 8 years. She also has experience working as in-house and general counsel for two private organizations. She is also a member of the Newport News Bar Association, the Virginia Trial Lawyers Association and the American Association for Justice.

13. My law partner, Matthew J. Erausquin, is a principal and co-founder of Consumer Litigation Associates. He is also working on behalf of the Class in the above-styled litigation. Mr. Erausquin is a trial attorney with more than 10 years of experience. He has served in a critical role leading the discovery teams in many of the national class actions in which I have litigated. He is licensed to practice law in Virginia and California and is admitted to practice in multiple federal district courts. In addition to Mr. Erausquin's skill and acumen in conducting discovery, his knowledge of the FCRA and the practices of employers

and consumer reporting agencies against consumers has been a key component of this case. Not only is he a skilled trial attorney, his technical knowledge of information systems allowed Plaintiffs to successfully extract class information from defendants' databases.

14. Casey Nash is another of the CLA attorneys whose practice is also limited to consumer protection litigation, including the FCRA. She is among the most experienced associates in this field available in the nation.

15. The primary paralegals who work for our firm are experienced in the field of consumer protection and the legal field generally. Donna Winters and Vicki Ward have been legal assistants and then paralegals for more than twenty years each. Both have been with me practically since I began my practice and have deep understanding of the FCRA and class action litigation.

16. Thomas Breeden is a Virginia consumer protection attorney with 23 years of experience. He is the attorney that Derrick Milbourne first contacted and the attorney who first diagnosed Mr. Milbourne's case as an FCRA violation by JRK. I have co-counseled with Mr. Breeden on many consumer protection cases, primarily involving the FCRA. He is a member of the Virginia Bar Association, the Virginia Trial Lawyers Association, and the Prince William Bar Association. He is admitted to practice in the Eastern and Western Districts of Virginia and the Fourth Circuit Court of Appeals.

**Litigation of this Case**

17. This case originated from an initial filing of a Complaint by Derrick Milbourne in November of 2012. On November 30, 2012, Derrick Milbourne filed his Class Action Complaint based upon JRK Residential America, LLC's (JRK's) systemic violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Doc. 1.) More

specifically, the Complaint alleges routine and pattern violations arising from JRK's use of consumer background reports to make employment decisions. And for each violation, the Complaint seeks *only* statutory and punitive damages based upon JRK's reckless misconduct. Compl. ¶¶ 47, 52. The FCRA also permits Mr. Milbourne to recover his reasonable attorney fees and costs. *See* 15 U.S.C. § 1681n; Compl. ¶¶ 48, 53.

18. The Defendant did not file a timely Answer, thus the Plaintiff moved for entry of default. Upon learning of the entry of default, JRK sought an extension of time to Answer, to which the Plaintiff agreed. The Defendant moved to dismiss, which motion was denied. The history of the litigation up to that point is well documented in the court's memorandum opinion denying the motion to dismiss. (Doc. 19.)

19. The parties have engaged in Phase I class discovery, which discovery cutoff has now passed.

**<u>Derrick Milbourne</u>**

20. The evidence has confirmed Mr. Milbourne's account of the facts: he applied for a job with JRK Residential America LLC in November of 2010; JRK obtained his consumer report and terminated employment based on the consumer report.

21. On or about November 30, 2010, after being hired, JRK obtained his consumer report. After obtaining the consumer report and prior to providing him with a copy of the report or any description of his rights under the Fair Credit Reporting Act, JRK discharged and/or refused to hire him on the basis of his consumer report.

22. Mr. Milbourne has been involved in this case from the moment he was terminated from employment by JRK based on the consumer report. He sought out counsel who could represent him and the class in order to seek redress for the violations he and the

class have suffered. He understands the obligation of class representative and agrees to be the class representative. He has no interests that are adverse to the class.

I declare under penalty of perjury of the laws of the United States that the foregoing is correct.

DATED: August 1, 2014

Leonard Anthony Bennett