IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DERRICK A. MILBOURNE, et al.

               Plaintiff,

   v.

JRK RESIDENTIAL AMERICA, LLC,

               Defendant

Civil Action No.  3:12-cv-00861

**DEFENDANT JRK RESIDENTIAL AMERICA, LLC'S SUPPLEMENTAL
BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE
DECLARATIONS OF MIKE MOERSCHBACHER**

George P. Sibley, III (VSB #48773)
Thomas R. Waskom (VSB #68761)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804)788-8262
Facsimile:  (804) 788-8218
Email:  gsibley@hunton.com
Email:  twaskom@hunton.com

Shon Morgan (Pro Hac Vice)
Christopher Tayback (Pro Hac Vice)
Quinn  Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  shonmorgan@quinnemanuel.com
Email: christayback@quinnemanuel.com

*Counsel for JRK Residential America, LLC*

Defendant JRK Residential America, LLC submitted declarations from Mike Moerschbacher, JRK's Senior Vice President – Human Resources, to authenticate records relevant to two motions—JRK's Second Motion for Summary Judgment (ECF No. 148) and JRK's Motion to Compel Arbitration (ECF No. 153).  As the company's head of human resources, the department responsible for maintaining employee personnel records, Mr. Moerschbacher has personal knowledge regarding the plans and processes at issue in this lawsuit and the company's system for organizing and maintaining those records.  Unsurprisingly, Mr. Moerschbacher was directly involved with the company's efforts to comply with the Court's order to make available for copying the personnel files for the members of the "impermissible use" class (ECF No. 132).  With the assistance of counsel, he helped organize the company's efforts to review those files and identify employees who had signed either the "Standalone Disclosure Form" (*see, e.g.,* ECF No. 150 at ¶ 4, Ex. 1) or an "Arbitration Agreement"  (*see, e.g.,* ECF No. 155 at ¶ 4, Ex. 1) and make copies of those documents.  He thus has personal knowledge sufficient to authenticate those records at trial if need be—i.e., to testify that the documents are what JRK says they are.  Fed. R. Evid. 901(a), (b)(1).

Plaintiffs moved to strike Mr. Moerschbacher's declarations, arguing that they were not based on personal knowledge, that the documents themselves were hearsay, and that the documents should be excluded under Rule 37.  ECF No. 167.  JRK filed a brief that responded to each of those arguments.  ECF No. 174.  With respect to the argument that the Standalone Disclosure Forms and the Arbitration Agreements were inadmissible hearsay, JRK explained that these documents were not being offered for their truth, but rather for their legal significance, and that they constituted statements by party opponents and thus fall outside of the definition of hearsay under Rule 801(d)(2).  Plaintiffs filed a reply brief (ECF No. 176) but did not address

JRK's arguments that the Standalone Disclosure Forms and Arbitration Agreements authenticated by Mr. Moerschbacher's declarations are not hearsay.

On March 2, 2016, the Court requested supplemental briefing addressing whether the Standalone Disclosure Forms and Arbitration Agreements attached to the declarations of Mr. Moerschbacher are hearsay.  *See* ECF No. 186.  For the reasons set forth in JRK's response to Plaintiffs' motion to strike (ECF No. 174), they are not.

First, the Standalone Disclosure Forms and the Arbitration Agreements are not hearsay because they are not being offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Rather, JRK offers these documents for their independent legal significance.  The Standalone Disclosure Forms have legal significance because they fulfill the company's disclosure obligation under 15 U.S.C. § 1681b(b)(2)(A) and document the consent given by certain of the class members to have a background report obtained for employment purposes.  Likewise, the Arbitration Agreements create the contractual obligations of the 510 individuals who signed them to resolve certain disputes through arbitration.

Documents like these, which possess independent legal significance and are not offered for the truth of the matter asserted, do not fall within the definition of hearsay.  *United States v. Hamidullin*, No. 14-CR-140-HEH, 2015 WL 4393393, at *3 (E.D. Va. July 14, 2015) ("It is axiomatic that '[s]tatements that possess independent legal significance are not offered for their truth and consequently are not hearsay.'") (quoting *Jude v. Health Mgmt. Assoc. of W. Va.*, 187 F.3d 629, *2 (4th Cir. 1999) (unpublished table)); *Kepner–Tregoe, Inc. v. Leadership Software, Inc.,* 12 F.3d 527, 540 (5th Cir. 1994) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance and are not hearsay."); *Preferred Properties, Inc. v. Indian River Estates, Inc.,* 276 F.3d 790, 799 n. 5 (6th Cir .2002)

("The verbal acts doctrine applies where legal consequences flow from the act that words were said, e.g. the words of offer and acceptance which create a contract.") (internal quotation marks omitted); *Schindler v. Seiler,* 474 F.3d 1008, 1010 (7th Cir. 2007) ("Statements that constitute verbal acts (e.g., words of contract or slander) are not hearsay because they are not offered for their truth.") (citing Advisory Committee Notes to Fed. R. Evid. 801(c)); *Stuart v. UNUM Life Ins. Co. of Am.,* 217 F.3d 1145, 1154 (9th Cir. 2000) (holding that an insurance contract is not hearsay "because it is a legally operative document that defines the rights and liabilities of the parties in this case."); *Padilla v. United States*, 58 Fed. Cl. 585, 593 (2003) ("[A] contract has independent legal significance and is not hearsay."); *Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) ("A contract is a verbal act.  It has legal reality independent of the truth of any statement contained in it. Under the objective theory of contracts, the fact that two parties signed a contract is enough to create legal rights, whatever the signatories might have been thinking when they signed it. The admission of a contract to prove the operative fact of that contract's existence thus cannot be the subject of a valid hearsay objection."); *United States v. Continental Casualty Co.,* 414 F.2d 431, 434 (5th Cir. 1969) (with verbal acts the "inquiry is not the truth of the words said, but merely whether they were said"); *Fiebelkorn v. IKON Office Sols., Inc.*, 668 F. Supp. 2d 1178, 1185 (D. Minn. 2009) ("A statement constituting a 'verbal act'—that is, a statement that 'itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights'—falls outside the hearsay rule.") (quoting *Mueller v. Abdnor,* 972 F.2d 931, 937 (8th Cir. 1992)); *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 386 (S.D. Tex. 2011) ("A contract is not hearsay because it has independent legal significance.").

Second, even if offered for the truth of the matter asserted, the Standalone Disclosure

Forms and Arbitration Agreements are statements by party opponents and thus are excluded

from the hearsay definition. *See* Fed. R. Evid. 801(d)(2). The Standalone Disclosure Form

contains statements that are phrased in the first person—"*I* understand that *my* employment with

JRK is subject to the successful clearance of *my* background report to acceptable company

standards"—and contain the signatures of the individuals who adopted these statements. *See,*

*e.g.,* ECF No. 150 at ¶ 4, Ex. 1. Similarly, the Arbitration Agreements explicitly state that the

purported class members' signatures reflect their "agreement to the terms set forth in this

Agreement." *See, e.g.,* ECF No. 155 at ¶ 4, Ex. 1. Thus, the terms of the Arbitration

Agreements were adopted by the individuals who signed them. *See Adonai Commc'ns, Ltd. v.*

*Awstin Investments, LLC,* No. 3:10-CV-2642-L, 2011 WL 4712246, at *12 (N.D. Tex. Oct. 7,

2011) ("Moreover, any reference to, or a quotation or a paraphrase from, a statement made by

[opponent] in the contract is not hearsay because the statement is an admission of a party

opponent.").

The fact that all but one of the Standalone Disclosure Forms and all of the Arbitration

Agreements were signed by absent class members does not change the analysis. Statements by

absent class members are admissible as statements of party opponents as long as "the risk of

having the class's interests undermined by unrepresentative class members" is "adequately

protected." *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1202 (9th Cir. 2008). In *Pierce*, the

court examined whether the admission of statements from unnamed class members at trial

deviated from the interests of the class, and ultimately concluded they did not. Here, there is no

concern that the Standalone Disclosure Forms or Arbitration Agreements could prejudice any

class members because they are only being offered as evidence against those who signed them

and will have no impact on class members who did not.  *See also United States v. Nolder*, 749

F.2d 1128, 1131 (5th Cir. 1984) (per curiam) (unnamed class members are parties for purposes

of res judicata principles); *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551 (1974) (""[U]ntil

and unless" absent class members in a Rule 23(b)(3) class action choose to opt out of the class

they stand "as parties to the suit.").

### Conclusion

Plaintiffs' motion to strike lacks merit.  As JRK already has shown, Mr. Moerschbacher

has personal knowledge regarding JRK's employment files and its process for collecting those

records in this lawsuit.  And the documents are admissible at trial, because they are not hearsay.

Plaintiffs' motion should be denied.

DATED:        March 8, 2016                    /s/ George P. Sibley, III_____

George P. Sibley, III (VSB #48773)
Thomas R. Waskom (VSB #68761)
Hunton & Williams LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804)788-8262
Facsimile:  (804) 788-8218
Email:  gsibley@hunton.com
Email:  twaskom@hunton.com

Shon Morgan (Pro Hac Vice)
Christopher Tayback (Pro Hac Vice)
Quinn  Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  shonmorgan@quinnemanuel.com
Email: christayback@quinnemanuel.com

*Counsel for JRK Residential America, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of March, 2016, I will electronically file the foregoing

with the Clerk of Court using the CM/ECF system, which will then send a notification of such

filing (NEF) to the following:

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Email: lenbennett@clalegal.com

Craig C. Marchiando
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Email: craig@clalegal.com

Casey Shannon Nash
Consumer Litigation Associates PC (Alex)
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
703-273-7770
Email: casey@clalegal.com

Matthew James Erausquin
Consumer Litigation Associates PC (Alex)
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
703-273-6080
Email: matt@clalegal.com

Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Email: srotkis@clalegal.com

Thomas Ray Breeden
Thomas R. Breeden PC
10326 Lomond Drive
Manassas, VA 20109
703-361-9277
Email: trb@tbreedenlaw.com

/s/ George P. Sibley, III_____