**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DERRICK A. MILBOURNE,
On his own behalf and on
Behalf of those similarly
Situated,

     Plaintiff,

v.                                    Civil Action No. 3:12cv861

JRK RESIDENTIAL AMERICA, LLC,

     Defendant.


**MEMORANDUM OPINION**

This matter is before the Court on PLAINTIFF'S SECOND
MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 162). For the
reasons set forth herein, the motion will be granted in part and
denied in part.

**BACKGROUND**

**A. Class Claims**

On October 26, 2015, Plaintiffs Derrick A. Milbourne
("Milbourne"), Timothy Robins ("Robins"), and Samantha Churcher
("Churcher") (collectively, "Named Plaintiffs") filed a First
Amended Complaint ("FAC", ECF No. 147) on behalf of themselves
and all others similarly situated, alleging that Defendant JRK
Residential America, LLC ("JRK") violated two sections of the
Fair Credit Reporting Act ("FCRA"). In Count One, the Named

1

Plaintiffs allege that JRK failed to provide applicants for employment with the necessary documents pursuant to 15 U.S.C. § 1681b(b)(3)(A), which requires that:

> In using a consumer report[1] for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as presented by the Bureau under Section 1681g(c)(3) of this title.

In Count Two, the Named Plaintiffs allege that JRK's use of the "Standard Disclosure Form," one of two disclosure forms that JRK provided to potential employees, violated 15 U.S.C. § 1681b(b)(2)(A), which provides that:

> a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless: (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the

---

[1] The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used in whole or in part for the purposes of serving as a factor in establishing the consumer's eligibility for:...employment purposes[.]" 15 U.S.C. § 1681a(d).

> document referred to in clause (i)) the
> procurement of the report by that person.

Count Three, alleged on behalf of a putative subclass of the class represented in Count Two, alleges that a second disclosure form that JRK provided to some potential employees ("the Standalone Disclosure Form" or "the contingency form") also violated of § 1681b(b)(2)(A).

## B. Factual and Procedural History

### 1. The Standard Disclosure Form

In November 2010, Milbourne applied for and conditionally received a job with JRK pending satisfactory completion of a background check. FAC ¶¶ 7-9. Before JRK procured a consumer report on Milbourne, he signed two disclosure forms. FAC ¶¶ 15-18. The first, the "Standard Disclosure Form," provides in part:

> I certify that the information contained
> herein is true and understand that any
> falsification will result in the rejection
> of my application or termination of my
> employment. I also understand that the
> requested information is for the sole
> purpose of conducting a background
> investigation which may include a check of
> my identity, work and credit history,
> driving records, and any criminal history
> which may be in the files of any state or
> local criminal agency...
>
> I hereby authorize this company, its
> corporate affiliates, its employees, its
> authorized agents, and representatives...to
> verify all information contained in this
> form or in my application and to inquire

3

into any character, general reputation, personal characteristics, and mode of living...I hereby release this company, its corporate affiliates, its employees, its authorized agents and representatives and all others involved in this background investigation from any liability in connection with any information they give or gather and any decisions made concerning my employment based on such information. I understand that any offer of employment I may receive is contingent upon the successful completion of the background investigation. I further understand that I have a right, under Section 606(B) of the Fair Credit Reporting Act, to make a written request to this company within a reasonable period of time for a complete and accurate disclosure of the nature and scope of the investigation requested.

ECF No. 49-2 at 2 (emphasis added). Named Plaintiffs Robins and Churcher also signed the Standard Disclosure Form when they applied for employment with JRK in April 2011 and September 2013, respectively. FAC ¶¶ 27-31.

On October 31, 2014, the Court certified two classes based on the alleged deficiencies of the Standard Disclosure form. First, the Court certified an "Impermissible Use Class," defined as follows:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a) who applied for an employment position with Defendant or any of its subsidiaries, (b) as part of this application process were the subject of a consumer report obtained by Defendant during the two years proceeding [sic] the filing of the Complaint, (c) where Defendant used a

> form to make its disclosures pursuant to 15
> U.S.C. § 1681b(b)(2) that contained a
> release and/or waiver of the signing
> consumer's claims and/or rights.

(ECF No. 56). The Court also certified an "Adverse Action"

subclass, defined as follows:

> All natural persons residing in the United
> States (including all territories and other
> political subdivisions of the United
> States), (a) who applied for an employment
> position with Defendant or any of its
> subsidiaries, (b) as part of this
> application process were the subject of a
> consumer report background check obtained by
> Defendant on or after the date two years
> proceeding [sic] the filing of the
> Complaint, (c) where Defendant's records
> show that the applicant was denied
> employment because of the background check,
> (d) and to whom Defendant did not provide a
> copy of the consumer report and other
> disclosures stated at 15 U.S.C. §
> 1681b(b)(3)(A)(ii) at least five business
> days before the date the employment decision
> is first noted in Defendant's records.

Id.

## 2. The Standalone Disclosure Form

After extensive discovery in the case as originally filed,

it became apparent that Milbourne, along with 649 other class

members (not including Robins or Churcher), also signed a second

disclosure form before JRK procured background checks on those

consumers ("the contingency form" or "the Standalone Disclosure

form"), which provides:

> I understand that my employment with JRK is
> subject to the successful clearance of my

> background report to acceptable company
> standards. The results of my background
> report will be reviewed and evaluated by JRK
> and JRK, in its sole discretion, will
> determine whether it is approved.

ECF No. 150, Exs. 1-650. Plaintiffs allege in Count Three that this form also failed to provide the notice required by 15 U.S.C. § 1681b(b)(2)(A).

Milbourne now[2] seeks summary judgment "on all issues of liability." (ECF No. 162). In sum, he seeks summary judgment on Counts One, Two, and Three. JRK has also moved for summary judgment on Count Three. As set forth in a forthcoming Memorandum Opinion, JRK's motion will be granted. For the reasons that follow, Milbourne's motion will be granted in part and denied in part.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue as to any material fact in the case such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). Once the moving party properly files and supports its motion for summary judgment, the opposing party must show that a genuine issue of fact exists. See Matsushita Elec. Indus. Co v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

---

[2] Milbourne's first motion for summary judgment, which concerned only the issue of willfulness, was denied without opinion on May 21, 2015. (ECF No. 83).

A fact is material if the existence or non-existence thereof could lead a jury to different resolutions of the case. See Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). A genuine issue of material fact only exists when the opposing party has presented sufficient evidence upon which a reasonable jury could return a verdict in its favor. Id. This means that "summary judgment is only appropriate when, after discovery, the non-moving party has failed to make a 'showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" BM v. Chesterfield County School Dist., 2010 WL 145661, at *1 (E.D. Va. 2010) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). In considering motions for summary judgment, the court must consider the evidence in the light most favorable to the non-moving party. Smith v. Virginia Commonwealth Univ., 84 F.3d 672, 675 (4th Cir. 1985).

**DISCUSSION**

I.   **Count One**

First, Milbourne contends that the members of the Adverse Action Subclass are entitled to summary judgment on the issue of JRK's compliance with 15 U.S.C. § 1681b(b)(3), set forth in Count One of the FAC, because, "from the depositions taken, and from the facts and positions exchanged in this litigation, it is plainly undisputed that JRK did not provide Mr. Milbourne (or

7

any class member) with a copy of his consumer report, a summary of his rights, and a notice that it intended to take adverse action based in whole or in part on his consumer report **before** taking the adverse employment action." (Plaintiff's Memorandum in Support of his Second Motion for Partial Summary Judgment ("Pl. Mem.," ECF No. 163) at 15) (emphasis in original).

Section 1681b(b)(3) requires that:

> In using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as presented by the Bureau under Section 1681g(c)(3) of this title.

15 U.S.C. § 1681b(b)(3). The FCRA defines an "adverse action" in this context as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(B)(ii).

The undisputed record shows that JRK never sent the required information before it took adverse employment action. Indeed, JRK admitted as much at oral argument. (Transcript of February 25, 2016 Hearing ("Hrg. Tr.") at 76:6-77:2). JRK acknowledges that, although it later sent adverse action notices to prospective employees, those notices uniformly reached the class members after adverse employment action had already been

8

taken.  *Id.*  Thus, it is undisputed that, as a matter of law, JRK failed to comply with § 1681b(b)(3).  Accordingly, summary judgment will be granted in favor of the Adverse Action Subclass on the issue of JRK's failure to comply with § 1681b(b)(3).

## II.  Count Two

Second, Plaintiffs argue that the Impermissible Use Class members, who signed the Standard Disclosure Form, are entitled to summary judgment on the issue of JRK's liability under § 1681b(b)(2) because "as a matter of law, [the Standard Disclosure Form] is incompatible with § 1681b(b)(2)(A), because it contains unrelated material information--the release and waiver of rights--and thus is not made in a document that consists 'solely of the disclosure.'"  (Pl. Mem. at 11).  There are no factual disputes concerning the Standard Disclosure Form. The only issue is whether the form consists "solely of the disclosure."  On this issue, Plaintiffs are correct.

There is no appellate authority on the point, and district courts have split on whether including a liability release in a consumer report disclosure constitutes a violation of the FCRA. However, a substantial majority of courts to have considered the issue, including this Court, have interpreted the plain text of the statute to mean that the inclusion of a waiver or release in the disclosure document violates § 1681b(b)(2)(A).  See Groshek v. Great Lakes Higher Educ. Corp., 2015 WL 7294548 (W.D. Wis.

Nov. 16, 2015); Groshek v. Time Warner Cable, Inc., 2015 WL 4620013, at *2 (E.D. Wis. July 31, 2015); Speer v. Whole Food Mkt. Grp., Inc., 2015 WL 1456981, at *3 (M.D. Fla. Mar. 30, 2015); Milbourne v. JRK Residential Am., LLC, 92 F. Supp. 3d 425, 431-33 (E.D. Va. 2015); Miller v. Quest Diagnostics, 85 F. Supp. 3d 1058, 1061 (W.D. Mo. 2015); Dunford v. Am. DataBank, LLC, 64 F. Supp. 3d 1378, 1388 (N.D. Cal. 2014); Avila v. NOW Health Grp., Inc., 2014 WL 3537825, at *2 (N.D. Ill. July 17, 2014); Reardon v. ClosetMaid Corp., 2013 WL 6231606, at *10-11 (W.D. Pa. Dec. 2, 2013); Singleton, 2012 WL 245965, at *9; EEOC v. Video Only, Inc., 2008 WL 2433841, at *11 (D. Or. June 11, 2008). However, a few courts have held that inclusion of a liability release may be permissible or, at least, not objectively unreasonable. See Syed v. M-I LLC, 2014 WL 4344746, at *3 (E.D. Cal. Aug. 28, 2014); Burghy v. Dayton Racquet Club, Inc., 695 F. Supp. 2d 689, 695-96 (S.D. Ohio 2009); Smith v. Waverly Partners, 2012 WL 3645324, at *5-6 (W.D.N.C. Aug. 23, 2012).

In the Court's decision denying JRK's motion seeking summary judgment on the same form, the Court relied on the plain text of the statute, underscored by FTC commentary, to reach the conclusion that JRK's inclusion of a liability waiver and release did not satisfy § 1681b(b)(2)(A). Milbourne, 492 F. Supp. 3d at 432 (concluding that Congress intended "solely" in

this context to mean "to the exclusion of all else.") (ECF No. 67). The Court further stated:

> '[W]hen mandating that an employer use a document that 'consists solely of the disclosure,' Congress expressly permitted employers to include language authorizing the employer to procure the consumer report...Had Congress intended for employers to include additional information in these documents, it could easily have included language to that effect in the statute.'...
>     Here, as in <u>Singleton</u>, the Court cannot accept the view that, because Congress explicitly allowed the authorization to appear on the disclosure document, it altered the plain meaning of the word 'solely.' Rather, in § 1681b(b)(2)(A)(ii) Congress provided a specific exemption only for the authorization only [sic] and does not permit other extraneous language on the face of the disclosure document.

<u>Milbourne</u>, 92 F. Supp. 3d at 433 (quoting <u>Singleton</u>, 2012 WL 245965, at *8).

In other words, the Standard Disclosure Form's inclusion of release and waiver language violates the plain text of § 1681b(b)(2)(A). Accordingly, for the reasons set forth in the Court's previous Memorandum Opinion (ECF No. 67), and because the Court has already decided this exact issue in Plaintiffs' favor, the Standard Disclosure Form violates § 1681b(b)(2)(A) as a matter of law.

None of JRK's responsive arguments convince the Court otherwise. First, JRK argues that Milbourne's claims fail because he has not suffered a cognizable injury-in-fact.

(Defendant JRK Residential America, LLC's Opposition to Plaintiff's Second Motion for Partial Summary Judgment ("Def. Mem. in Opp.," ECF No. 172) at 7-8). This argument fails for the reasons set forth in the Court's recent decision in Manuel v. Wells Fargo, 2015 WL 4994538 (E.D. Va. Aug. 19, 2015). JRK raised this same issue in support of its second motion for summary judgment; accordingly, a more complete analysis and rejection of JRK's position can be found in the Memorandum Opinion addressing that motion.

Second, JRK asserts that summary judgment should be denied "because class adjudication is improper," for reasons set forth in its Motion to Decertify the Class (ECF No. 151). Id. at 8. This argument is simply irrelevant to the disposition of the motion for summary judgment, and therefore is not addressed further here.

Third, JRK contends that summary judgment is improper as to the 510 class members who signed arbitration agreements, because those claims must be resolved in arbitration. Id. at 9. This argument also has no merit for the reasons set forth in the Court's previous Memorandum Opinion denying JRK's motion to compel arbitration. Accordingly, that argument is not addressed further herein.

Fourth, JRK argues that Milbourne's § 1681b(b)(2)(A) claims are barred by the statute of limitations, because Milbourne

12

initially signed the disputed disclosure forms on November 19, 2010 and his background check was procured on November 22, 2010, more than two years before the filing of the Complaint on November 30, 2012. (Def. Mem. in Opp. at 9-11).

Milbourne's claims are not time-barred. The FCRA provides for a "hybrid" limitations period that is divided among a five-year absolute statute of repose and a two-year "discovery" limitations period within that longer five-year period. Specifically, the relevant section provides:

> An action to enforce any liability created under this title may be brought...not later than the earlier of – (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

Under the two-year discovery rule, the "limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation." Mack v. Equable Ascent Fin., LLC, 748 F.3d 663, 666 (5th Cir. 2014) (citing Merck & Co., Inc. v. Reynolds, 559 U.S. 633, 644-648 (2010)). A violation of § 1681b(b)(2)(A) is complete when an employer actually obtains the plaintiff's consumer report, not when the plaintiff completes a disclosure form or other application documents. Singleton v.

13

Domino's Pizza, LLC, 2012 WL 245965, at *7 (D. Md. Jan. 25, 2012).   Thus, the relevant date for purposes of assessing the statute of limitations under § 1681b(b)(2)(A) is the date that the plaintiff learns that his employer obtained his background report without proper authorization.   Id.; see also Moore v. Rite Aid Hdqtrs. Corp., 2015 WL 3444227 (E.D. Pa. May 29, 2015). Typically, courts have found that this is the date on which the plaintiff learned that he or she had not passed the background check.   See, e.g., Alibris v. ADT LLC, 2015 WL 5084231, at *9 (S.D. Fla. Aug. 28, 2015) (statute of limitations began to accrue on the date the plaintiff received pre-adverse action notice); Moore, 2015 WL 3444227, at *8 (same); Singleton, 2012 WL 245965, at *4 (statute of limitations began to run on the date the plaintiff learned that she was being terminated as a result of the background check).

Clearly, Milbourne learned that JRK had obtained his background check no later than December 8, 2010 when he was told that he was being terminated as a result of the information in his report.   (ECF No. 36, at 8).   Although the initial background report was procured on November 22, JRK has presented no evidence from which the Court could infer that Milbourne actually learned or should have learned of the report on that date or any other date before December 8.   Moreover, as Milbourne points out in his opposition to JRK's decertification

14

motion, on December 6, 2010 JRK received a second report on Milbourne confirming records in the November 22 report from United States Background Screening ("USBS"), a consumer reporting agency.   (ECF No. 169, at 15).[3]   Thus, JRK cannot foreclose summary judgment on its statute of limitations theory.

For the foregoing reasons, class members who signed the Standard Disclosure Form, and did not sign any other disclosure form, before JRK obtained their background checks, are entitled to summary judgment on Count Two on the issue of the Standard Disclosure Form's FCRA compliance.[4]   Accordingly, Plaintiffs' motion is granted in part and denied in part as to Count Two.

### III. Count Three

Finally, Milbourne contends that class members who also signed the Standalone Disclosure Form are also entitled to summary

---

[3]  Specifically, the document that Milbourne cites for this proposition states that JRK received from USBS a confirmation of records in the previous report from the Manassas County court clerk on December 6, 2010.   (ECF No. 36, at 8).   Because this verification was a qualifying communication of information by a consumer reporting agency under § 1681a(d), this verification was also a "consumer report," bringing Milbourne's claim within the two-year statute of limitations.

[4]  Importantly, class members who signed the Standard Disclosure Form and the Standalone Disclosure Form before their background checks were obtained are not entitled to summary judgment on their § 1681b(b)(2)(A) claims, because, for the reasons to be set forth in the Court's forthcoming Memorandum Opinion granting JRK's motion for summary judgment, those class members did in fact receive an adequate disclosure and authorization before their consumer reports were obtained, as required by § 1681b(b)(2)(A).

judgment on the issue of whether that form complied with §
1681b(b)(2)(A) because the Standalone Disclosure Form fails to
clearly and conspicuously disclose the involvement of a
"consumer reporting agency" and the nature of the report being
procured. (Pl. Mem. at 11-13; see also Plaintiff's Memorandum
in Opposition to Defendant's Second Motion for Summary Judgment,
ECF No. 170).

For the reasons set forth in a separate Memorandum Opinion,
the Court finds that JRK is entitled to summary judgment on
Count Three. Therefore, Plaintiffs' motion for summary judgment
will be denied as to Count Three.

## CONCLUSION

For the reasons, and to the extent, set forth above,
PLAINTIFF'S SECCOND MOTION FOR SUMMARY JUDGMENT (ECF No. 162) is
granted as to Count One of the FAC, granted in part and denied
in part as to Count Two, and denied as to Count Three.

It is so ORDERED.

                                /s/ REP
                               Robert E. Payne
                               Senior United States District Judge

Richmond, Virginia
Date: March 14, 2016

16