IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DERRICK MILBOURNE
and SAMANTHA CHURCHER, *et al.*,

    Plaintiff,

v.                                                           Case No.: 3:12cv861

JRK RESIDENTIAL AMERICA, LLC,

    Defendant.

## [~~REVISED~~ ~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE, AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

For the reasons below, Plaintiffs' Motion for Final Approval of Class Action Settlement, Dismissing Claims With Prejudice, and Awarding Attorneys' Fees, Costs, and Service Award (ECF No. 318) is hereby GRANTED.

Pursuant to Fed. R. Civ. P. 23(e), the Settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved. The Settlement Agreement and any capitalized, defined terms are hereby incorporated by reference into this Final Order and Judgment Approving Settlement and Dismissing Action ("Order"). Capitalized terms in this Order shall, unless otherwise defined, have the same meaning as in the Settlement Agreement.

Based upon the Stipulation of Settlement and all of the files, records, and proceedings herein, it appears to the Court that the Settlement is fair, reasonable, and adequate. The Court held a hearing on January 4, 2017 at 9:30 a.m., of which the Classes were notified by Court-approved, mailed notice. Counsel for the Parties appeared and no other Class Members were in attendance. Following that hearing, the Court makes the following findings and conclusions.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies the following Classes:

### 1. **The Impermissible Use Settlement Class.**

The Impermissible Use Settlement Class is certified as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a) who applied for an employment position with Defendant or any of its subsidiaries (b) as part of this application process were the subject of a consumer report obtained by Defendant, (c) on or after November 30, 2010, and before March 15, 2016, (d) where the Defendant used a form to make its disclosures pursuant to 15 U.S.C. § 1681b(b)(2) that contained a release and/or waiver of the signing consumer's claims and/or rights, and (e) Defendant did not provide the applicant with any other disclosure form prior to obtaining the applicant's consumer report.

There are 1,105 individual consumers who comprise this Class.

### 2. **The Adverse Action Settlement Class.**

Under the Adverse Action Settlement Class is certified as:

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), (a) who applied for an employment position with Defendant or any of its subsidiaries (b) as a part of this application process were the subject of a consumer report background check obtained by Defendant on or after two years preceding the filing of the Complaint; (c) where the Defendant's records show that the applicant was denied employment because of the background check; and (d) to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

There are 44 consumers in this Class.

The Court appoints the Plaintiff, Samantha Churcher, as the Class Representative for the Impermissible Use Settlement Class and the Plaintiff, Derrick Milbourne, as the Class Representative for the Adverse Action Settlement Class. The Court has previously found adequate and appointed as Class Counsel Fed. R. Civ. P. 23(g)(1): Leonard A. Bennett, Susan M. Rotkis, Craig C. Marchiando, Matthew J. Erausquin and Casey S. Nash of Consumer Litigation Associates, P.C., and Thomas R. Breeden. The Court reaffirms that appointment.

Relative to these Classes, the Court specifically finds:

a. The Classes are so numerous that joinder of all members is impracticable;

b. There are questions of law or fact common to the Classes;

c. The claims of the Named Plaintiffs are typical of the claims of the Classes that the Named Plaintiffs seek to represent;

d. The Named Plaintiffs and their Counsel will fairly and adequately protect the interests of the Classes;

e. The questions of law or fact common to members of the Classes, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

f. Certification of the Classes is superior to other available methods for fair and efficient adjudication of the controversy.

Through a Court-approved Settlement Administrator, the Parties notified all Class Members whose addresses could be obtained through reasonable measures of the terms of the proposed Settlement and the Court's Final Fairness Hearing. The Administrator asserts that this notice is presumed to have reached approximately 99.7% of Impermissible Use Class Members, and all Adverse Action Class Members. The Court finds that this notice program was the best practicable under the circumstances, and satisfies the requirements of Rule 23 and due process.

The Court finds that the terms of the Settlement and the Settlement Agreement are fair, reasonable, and adequate, and in the best interest of the Settlement Classes. Accordingly, the Settlement Agreement is finally approved and shall govern all issues concerning the Settlement and all rights of the Parties, including Settlement Class Members. The Court finds that the Settlement provides Class Members with genuine cash relief in exchange for a proportionate release of claims.

No Class Members have objected to the Settlement in writing, and none raised oral objections at the Fairness Hearing.

Two Class Members have timely and validly excluded themselves from the Settlement. Those individuals are listed in Exhibit A to this Order, and will not be bound by the Settlement or any of its terms.

Having considered Plaintiff's request for an agreed-upon Service Award of $5,000 for each Named Plaintiff ($10,000 total), the Court concludes that the award is appropriate. No Class Members have objected to the request, and Defendant does not oppose it. Such awards are commonplace in class actions in this District and elsewhere, and the Court finds Plaintiffs have earned it by prosecuting this case, answering discovery, keeping up-to-date on the case status through conferences with their Counsel, and preparing for and attending the trial of this case. The Court orders these two $5,000 payments to be made from the Settlement Fund.

The Court likewise concludes that Plaintiff's Counsel's requested attorneys' fees of $77,623.75 and costs of $100,000 is reasonable and should be awarded. The award is to be separately paid from the Settlement Fund. Class Counsel's estimated lodestar accumulated in this case is more than six times this award, resulting in a negative multiplier. No Class Member has objected to the proposed award, and the Defendants do not oppose it. Courts in this District and across the country award amounts in common-fund class actions, and this case is no different.

The Court likewise approves the award of $70,000 in attorneys' fees and costs to resolve the Parties' dispute over discovery of Defendant's employee files, to be paid from the Settlement Fund. This amount is reasonable and will be awarded, for reasons stated by the Court during a hearing with the Parties on August 16, 2016.

Defendants have confirmed that they sent to the appropriate Class Action Fairness Act ("CAFA") notices on September 21, 2016. There were no objections or comments from the government officials to whom CAFA notice was sent.

The Court hereby retains jurisdiction over the Parties and the Classes to ensure the effective administration of the Settlement.

Plaintiffs' claims, and those of Class Members not listed in Exhibit A to this Order, are hereby dismissed with prejudice in accordance with the Settlement Agreement.

IT IS SO ORDERED.

/s/ REP
Robert E. Payne
UNITED STATES DISTRICT JUDGE

**Richmond, VA**
**January 4, 2017**